

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-188 |
| | ) | |
| NICHOLAS HUFFINE | ) | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said district, and submits this Information Memorandum to the Court:

**I. THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Interstate Threats<br>On or about January 24, 2017 | 18 U.S.C. § 875(c) |

**II. ELEMENTS OF THE OFFENSE**

**A. As to Count One:**

In order for the crime of Interstate Threats, in violation of Title 18, United States Code, Section 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly and willfully made a threat to kidnap any person or to injure the person of another.

> United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994); United States v. Cox, 957 F.2d 264 (6th Cir. 1992); United States v. DeAndino, 958 F.2d 146 (6th Cir. 1992); Title 18, United States Code, Section 875(c).

2. That the person to whom the threat was communicated reasonably perceived the threat as a "true threat".

> United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994); United States v. Cox, 957 F.2d 264 (6th Cir. 1992); United States v. DeAndino, 958 F.2d 146 (6th Cir. 1992); Title 18, United States Code, Section 875(c).

3. That the threat was communicated in interstate commerce.

> United States v. Cox, 957 F.2d 264 (6th Cir. 1992); United States v. DeAndino, 958 F.2d 146 (6th Cir. 1992); Title 18, United States Code, Section 875(c).

### III. PENALTIES

**A. As to Count One: Interstate Threats (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than three (3) years.

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406